**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA LYNN TKACZ, AKA Alayne C. Ferreira, | No. 18-15771 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00092-RFB-CWH |
| v. | |
| DANIEL G. BOGDEN, U.S. Attorney Nevada; JEH JOHNSON, Secretary of Department of Homeland Security; JEANE KENT, Field Director USCIS, Las Vegas, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 6, 2019**
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and BOUGH,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Plaintiff-Appellant, Jessica Tkacz, appeals the district court grant of summary judgment in favor of Defendants-Appellees (collectively, the "agency"). Tkacz, a United States citizen, filed a Form I-130 visa petition with the United States Citizenship and Immigration Services (USCIS) for immediate relative status on behalf of her alien husband, Alayne Ferreira, a native of Brazil. USCIS denied the petition on the basis that Ferreira had previously entered a fraudulent marriage with another United States citizen for the sole purpose of obtaining immigration benefits. *See* 8 U.S.C. § 1154(c) (stating, in part, that "no petition shall be approved" if the alien has previously sought immediate relative status as the spouse of a United States citizen "by reason of a marriage determined . . . to have been entered into for the purpose of evading the immigration laws"). After a remand and a second hearing on the matter, USCIS again denied the application. The Board of Immigration Appeals (BIA) agreed with USCIS and dismissed Tkacz's second appeal. Tkacz filed this action in district court, alleging that the agency violated her due process rights and the Administrative Procedure Act (APA).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's summary judgment order.

    1. Tkacz first argues that her due process rights were violated because the

---

[1] Because the parties are familiar with the facts of this case, we do not recount them in detail here.

agency failed to follow *Ching v. Mayorkas*, 725 F.3d 1149 (9th Cir. 2013). In *Ching*, we found a due process violation by the agency's denial of Ching's request for the opportunity to cross-examine her husband's ex-spouse at her I-130 interview. *Id*. at 1159. Unlike *Ching*, however, Tkacz provides no evidence, nor makes any claim, that she asked the agency to produce Ferreira's ex-spouse or the USCIS officers for cross-examination, or that the agency denied such a request. Even after the BIA remanded Tkacz's first appeal for a second hearing, there is no indication in the record that Tkacz demanded the opportunity to cross-examine these witnesses at the second hearing. Furthermore, Tkacz fails to demonstrate any prejudice as she does not show how an opportunity for cross-examination of either Ferreira's ex-spouse or the USCIS officers would have had any effect on the ultimate denial of her I-130 petition. Accordingly, we agree with the district court that Tkacz fails to present any genuine dispute of material fact as to the alleged violation of her due process rights.

2. We also agree with the district court that the agency, in denying Tkacz's I-130 petition, did not act arbitrarily or capriciously in violation of the APA. In reviewing a challenge to agency action at the summary judgment stage, the reviewing court's "function . . . is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Engineering Co. v. Immigr. & Naturalization Serv.*,

3

753 F.2d 766, 769 (9th Cir. 1985). The agency's finding that Ferreira and his ex-spouse's marriage was fraudulent is supported by substantial evidence in the record, even if the evidence may also lend support to Tkacz and Ferreira's alternative interpretation. *See Bear Lake Watch, Inc. v. FERC*, 324 F.3d 1071, 1076 (9th Cir. 2003) ("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. If the evidence is susceptible of more than one rational interpretation, we must uphold [the agency's] findings." (internal citations omitted)). Tkacz's arguments essentially ask us to reweigh the evidence and make our own credibility determinations, which we may not do in reviewing the agency's findings under the APA. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971) ("[T]he ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency."). Because substantial evidence supports the agency's findings, and Tkacz otherwise has not shown how its denial of the I-130 petition was arbitrary and capricious, we affirm the district court's grant of summary judgment.

3. Tkacz also filed two motions pending this appeal. We dismiss Tkacz's motion to stay removal [ECF Dkt. No. 39] as moot, given our resolution of this case. We deny Tkacz's motion for judicial notice [ECF Dkt. No. 43] of an affidavit that was not part of the administrative record before the agency.

4

**AFFIRMED.**